NOT DESIGNATED FOR PUBLICATION

No. 123,163

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOLENE ROBERTS,
*Appellee*,

v.

MARGARET GOLDIZEN,
*Appellant*.


MEMORANDUM OPINION


Appeal from Dickinson District Court; RYAN W. ROSAUER, judge. Opinion filed December 17, 2021. Affirmed.


*Margaret Goldizen*, appellant pro se.


No appearance by appellee.


Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.


PER CURIAM:  Margaret Goldizen brings this interlocutory appeal under the Kansas Public Speech Protection Act, K.S.A. 2020 Supp. 60-5320, which allows a party to file a motion to strike a claim because it restricts his or her right of free speech, right to petition, or right of association. The Act also allows the movant to file an interlocutory appeal from a district court's denial of a motion to strike. Here, the district court granted Goldizen's motion to strike in part and denied it in part. In particular, the district court dismissed a defamation claim filed against Goldizen by Jolene Roberts but allowed a tortious interference with contract claim to go forward. Finding no error, we affirm the district court's ruling on Goldizen's motion to strike.

1

FACTS

By way of background, this action relates to an ongoing dispute between Goldizen and other members of her family relating to their mother's assets. The underlying facts related to this unfortunate dispute between family members relating to their mother's property were recently set forth by another panel of this court in *Belmore v. Goldizen*, No. 121, 978, 2021 WL 4127194, at *1 (Kan. App. 2021) (unpublished opinion). In the prior case, the district court invalidated a transfer of a house owned by the mother in Abilene to Goldizen and her husband. On appeal, the panel affirmed a judgment entered against Goldizen for breach of fiduciary duty, undue influence, conversion, and breach of contract. *Belmore*, 2021 WL 4127194, at *1.

While the appeal of the prior case was pending, the mother's house in Abilene was listed for sale with Roberts, who is a real estate agent. Shortly thereafter, Goldizen began posting comments on Facebook page about the house listed with Roberts. With slight variations, Goldizen posted messages on Facebook stating:

> "Jolene Roberts of Sells MHK has recently listed a property for sale at . . . in Abilene
> Kansas, this property is currently involved in Appeals Court over ownership in Kansas.
> BUYER BEWARE"

In addition, Goldizen posted on Facebook that the house "shouldn't be listed at all." Around the same time, Goldizen filed a complaint with the Kansas Real Estate Commission regarding the house being listed for sale.

On March 19, 2020, Roberts filed a petition against Goldizen asserting claims for defamation and tortious interference with contract. Roberts also sought a restraining order against Goldizen seeking to stop her from posting messages online about Roberts, her business, or the listed real estate. On June 29, 2020, Goldizen moved to strike the claims

asserted by Roberts under the Kansas Public Speech Protection Act, K.S.A. 2020 Supp. 60-5320.

On August 5, 2020, the district court issued a memorandum decision granting Goldizen's motion in part and denying it in part. After discussing the respective burdens of the parties under the Act, the district court determined that Roberts has "no chance" of prevailing on her defamation claim because the comments written by Goldizen on Facebook were not false. However, the district court also found that Roberts has made a sufficient showing to survive dismissal on her tortious interference with contract claim. In the memorandum decision, the district court did not order attorney fees or impose sanctions against either party.

Two days later, on August 7, 2020, the district court also denied Roberts' motion for a restraining order. In so ruling, the district court considered the fact that there are "First Amendment implications" in this case. The district court also found it to be significant that the comments posted by Golizen were neither libelous nor illegal. Thereafter, Goldizen filed this interlocutory appeal.

ANALYSIS

There are two primary issues presented in this interlocutory appeal. First, whether the district court erred in failing to also strike Roberts' tortious interference with contract claim as it did her defamation claim. Second, whether the district court erred in failing to award Goldizen attorney fees or sanctions for partially prevailing on her motion to strike the claims asserted by Roberts. We note that Roberts has chosen not to file a brief in support of her position with this court. Moreover, we note that Goldizen is representing herself on appeal.

3

As the district court found, the purpose of the Kansas Public Speech Protection Act, K.S.A. 2020 Supp. 60-5320(b) "is to encourage and safeguard the constitutional rights of a person to . . . speak freely . . . in connection with a public issue or issue of public interest to the maximum extent permitted by law while, at the same time, protecting the rights of a person to file meritorious lawsuits for demonstrable injury." For these reasons, the Act involves a balancing of the respective rights of the parties. In other words, the district court was required to balance Goldizen's right to free speech with Roberts' right to seek recourse in the courts for her alleged injury.

A review of the district court's well-reasoned and well-analyzed memorandum decision—granting in part and denying in part Goldizen's motion to strike under the Act—reveals that the district court appropriately balanced the respective rights of the parties. Likewise, the district court properly applied the shifting burden of proof set forth in K.S.A. 2020 Supp. 60-5320(d). In particular, the district court recognized that the initial burden is on the party moving to strike to make "a prima facie showing the claim . . . concerns a party's exercise of the right of free speech, right to petition or right of association." If the movant meets his or her burden, it becomes incumbent upon the responding party "to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case." K.S.A 2020 Supp. 60-5320(d).

In doing so, the district court correctly found in favor of Goldizen on the defamation claim because the statements she posted about the listing of her mother's house were truthful on their face. See PIK Civ. 4th 127.51. On the other hand, the district court also correctly found in favor of Roberts on the tortious interference of contract claim because there is substantial evidence in the record to support a prima facia case. See PIK Civ. 4th 124.92. As a result, we conclude that the district court appropriately dismissed the defamation claim while allowing the tortious interference with contract

4

claim to go forward. Even so, we take no position on whether Roberts will ultimately prevail on this claim.

Next, Goldizen contends that the district court erred in failing to award her attorney fees and sanctions. Specifically, Goldizen asserts that she "put in approximately over 1000 hours in defending this case to Appeal, as she is not an attorney" and claims that she "should be reimbursed for her time, her lack of time with her family, her not being allowed any time off to visit friends or for vacations while dealing with this matter and also for the stress and heartache she and her family has endured because of this lawsuit." The issue of the district court's authority to award attorney fees is a question of law over which appellate review is unlimited. *In re Estate of Oroke*, 310 Kan. 305, 317, 445 P.3d 742 (2019).

K.S.A. 2020 Supp. 60-5320(g) provides:

"The court shall award the defending party, upon a determination that the moving party has prevailed on its motion to strike, without regard to any limits under state law: (1) Costs of litigation and reasonable attorney fees; and (2) such additional relief, including sanctions upon the responding party and its attorneys and law firms, as the court determines necessary to deter repetition of the conduct by others similarly situated. If the court finds that the motion to strike is frivolous or solely intended to cause delay, the court shall award to the responding party reasonable attorney fees and costs related to the motion."

A review of the record confirms that Goldizen only prevailed on part of her motion to strike under the Kansas Public Speech Protection Act, K.S.A. 2020 Supp. 60-5320. Regardless, pro se litigants—like Goldizen—may not be entitled to recover attorney fees in Kansas. See *Baker v. Hayden*, 313 Kan. 667, 676, 490 P.3d 1164 (2021). Goldizen has also failed to show what costs—if any—she has incurred. Nevertheless, if she has incurred costs that might be recoverable under Kansas law, she can always

5

present her claim to the district court at the end of this action. At this point, we conclude that Goldizen has failed to establish that she is entitled to any costs that may be recoverable for partially prevailing on her motion to strike.

Finally, turning to the question of sanctions, we find that the district court appropriately analyzed this issue under K.S.A. 2020 Supp. 60-5320(g), which provides that "additional relief, including sanctions" are to be awarded "as the court determines necessary to deter repetition of the conduct by others similarly situated." Here, the district court found that the award of additional relief was unnecessary as a deterrent. In reaching this decision, the district court explained:

> "While [Goldizen's] actions might not meet the definition of defamation, that is not the same as saying that she has behaved appropriately in this matter. Defendant knows what she is doing. Namely, she is trying to prevent the sale of land, either hoping she gets the economic benefit down the road or hoping she denies economic benefit to the relatives with whom she has been feuding for years. Perhaps both are her motives. The purpose of awarding sanctions . . . is to deter repetition of conduct of those similarly situated. This court sees no need to deter Plaintiff or those similarly situated in her position. Granted, Plaintiff is not going to be able to show defamation. But she did not file the defamation suit in bad faith. Defendant's actions are causing stress and bother to her, and all Plaintiff did was list a piece of property. In other words, she did her job with no motives other than to do that job and make a living. She has done nothing wrong, or at least there is no evidence to this point that she has done anything wrong."

We agree with the district court and affirm its memorandum decision addressing Goldizen's motion to strike brought pursuant to the Kansas Public Speech Protection Act, K.S.A. 2020 Supp. 60-5320.

Affirmed.

6